Baskow *v.* Slifer, Appellant.

Argued October 12, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Walter D. Stewart,* for appellant.—The contract was entire: Miller v. Phillips, 31 Pa. 218; Shaw v. Lewistown Turnpike, 2 P. & W. 454; Quigley v. DeHaas, 82 Pa. 267; Hartman v. Meighan, 171 Pa. 46; American Powder v. Malone, 166 Pa. 289. Plaintiff, having abandoned the work without a legal justification, was not entitled to recover. Martin v. Schoenberger, 8 W. & S. 367; Pallman v. Smith, 135 Pa. 188; Fisher v. Mershon, 9 Pa. Superior Ct. 238. Plaintiff could not recover for work unsatisfactory to defendant where the latter's obligations were well founded. Morgan v. Gamble, 230 Pa. 174; Singerly v. Thayer, 108 Pa. 291.

No book or appearance for appellee.

Opinion by Cunningham, J., January 25, 1929:

Defendant, while engaged in building a store room and apartments on North Broad Street, Philadelphia, entered into two contracts in writing with the plaintiff, by one of which, dated April 16, 1925, the plaintiff undertook to do the paper-hanging therein specified for $740, and by the other, dated May 21, 1925, agreed to do the painting therein detailed for $880. Claiming balances due him of $415 on the papering contract and $330 on the painting, plaintiff brought suit in the municipal court of the County of Philadelphia. for $745, with interest. The case was tried before a judge without a jury and resulted in a finding in favor of the plaintiff for $385.90; from the judgment entered on this finding defendant has appealed.

With one exception the issues under the pleadings and evidence were questions of fact. The plaintiff contended that the papering contract had been fully performed by him in accordance with its terms, but the defendant testified that a part of the work had not·

been properly performed and that he had been obliged to employ another paper-hanger to remedy the defects at an expense of $150. Plaintiff admitted that the painting contract had not been fully performed and testified that he stopped work early in July, 1925, because the defendant failed to keep his promise to make a payment at that time on account of the contract.

Of the $880 worth of painting, provided for in the contract, plaintiff claimed that he had performed work to the value of $680 up to the time he withdrew his employes from the premises and admitted that defendant had paid him $350 on account, leaving the above mentioned balance of $330 as the amount of his claim. The issues of fact thus arising were for the trial judge. As appellant has not printed the findings, we are not informed as to the exact allowances and disallowances but it is stated in the memorandum opinion of the court that "the trial judge sitting as a jury made a careful computation of the estimates furnished covering both the work improperly done as well as the unfinished work and found that plaintiff was entitled to recover an amount approximately one-half of his claim."

The only question of law involved is whether the painting contract, which admittedly was not completed, was an entire contract under which the plaintiff would not be entitled to recover without showing full performance. The court below held that, as the defendant had made payments on account of this contract from time to time, he had not interpreted it to be an entire contract. We think it was an entire contract, but, as the finding is for an amount less than the balance claimed by plaintiff on account of the papering contract, which was completed (although perhaps defectively), we are not disposed to disturb the judgment.

Judgment affirmed.